862 F.2d 1371
 24 Soc.Sec.Rep.Ser. 82, Medicare&Medicaid Gu 37,557
ADAMS HOUSE HEALTH CARE, Adrian-Hillhaven Convalescent
Center; Alta Vista Healthcare; Alvarado Convalescent and
Rehabilitation Hospital; Anaheim-Hillhaven Convalescent;
Andrew House Health Care; Asheville-Hillhaven
Rehabilitation and Convalescent Center; Bancroft House
Health Care; Beverly West Convalescent Hospital; Birchwood
Terrace Health Care; Birmingham-Hillhaven Convalescent
Center; Blueberry Hill Health Care; Boca Raton
Convalescent Center, et al., Plaintiffs-Appellees,
v.
Otis R. BOWEN,* Secretary of Health and Human
Services, Defendant-Appellant.
BOARD OF TRUSTEES OF the LELAND STANFORD JUNIOR UNIVERSITY;
Stanford University Hospital, Plaintiffs-Appellees,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellant.
 Nos. 85-1512, 86-1872.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 7, 1988.
 
 Mary U. Salhus, Henry R. Goldberg, Jerry Bassett, Office of Gen. Counsel, Dept. of Health and Human Services, Washington, D.C., for defendant-appellant.
 Robert J. Aamoth and Eugene Tillman, Pierson, Ball & Dowd, Washington, D.C., Rodney Johnson, Office of Vice President and Gen. Counsel, Stanford University, Stanford, Cal., for plaintiffs-appellees.
 ON REMAND FROM THE UNITED STATES SUPREME COURT
 Before NORRIS, BEEZER and BRUNETTI, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 The parties present a question of statutory construction: may a Medicare provider claim certain costs in a proceeding before the Provider Reimbursement Review Board when the provider included but failed to claim such costs in its annual Medicare cost report? In these consolidated cases, the Board held it had no power to consider reimbursement items not expressly claimed by the providers in their cost reports. The district court remanded both cases, directing the Board to accept jurisdiction over disputes concerning such reimbursement items. The Secretary appealed, and we affirmed the district court. Adams House Health Care v. Heckler, 817 F.2d 587 (9th Cir.1987). The Supreme Court, --- U.S. ----, 108 S.Ct. 1569, 99 L.Ed.2d 885 vacated our opinion and remanded the case for further consideration in light of its recent decision in Bethesda Hosp. Ass'n v. Bowen, --- U.S. ----, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988). We again affirm.
 
 
 2
 * BACKGROUND
 
 A. The Medicare Program
 
 3
 The Medicare program is set forth in subchapter XVIII of the Social Security Act, 42 U.S.C. Sec. 1395 et seq. (1982 & 1988 Supp.). Part A of the program, under which these cases arise, authorizes federal reimbursement for hospital care provided to the elderly and disabled. 42 U.S.C. Secs. 1395c-1395i-2. Until recently, a health care "provider" (e.g. a hospital) submitted annual cost reports to a "fiscal intermediary" (usually a private insurance company) for review; the fiscal intermediary acted as an agent of the Secretary of Health and Human Services. The intermediary audited the cost report and issued a Notice of Program Reimbursement with an explanation of any audit adjustments or disallowed costs.[1] If the provider was not satisfied, the statute provided an avenue of administrative appeal to the Provider Reimbursement Review Board ("Board").
 
 B. Adams House, No. 85-1512
 
 4
 The appellants, 82 skilled nursing facilities under common ownership, will be referred to collectively as "Adams House." In fiscal year 1981, Adams House claimed an allowance for a "reasonable return on equity capital invested and used in the provision of patient care," pursuant to 42 C.F.R. Sec. 405.429(a)(1)(i) (1983). Following the rules set forth in the Medicare Provider Reimbursement Manual, however, Adams House made no claim relative to assets invested for more than six months, though such assets were listed in the cost report. Later, claiming that the Manual conflicted with the regulations, Adams House filed an appeal with the Board seeking an allowance for these investments. The Board declined review on the ground that it lacked power to consider claims not expressly disclosed to the intermediary in the cost report.
 
 
 5
 Adams House appealed to the district court pursuant to 42 U.S.C. Sec. 1395oo (f) and both parties moved for summary judgment. Summary judgment was entered in favor of Adams House on October 17, 1984. The case was remanded to the Board, which was ordered to accept jurisdiction. 604 F.Supp. 110, 117 (N.D.Cal.1984).[2] The Secretary timely appealed.
 
 
 6
 C. Board of Trustees of Stanford, No. 86-1872
 
 
 7
 The appellant ("Stanford") owns and operates the Stanford University Hospital. In fiscal year 1981, Stanford claimed reimbursement for Medicare services rendered, using the "average cost per diem" method set forth in the Medicare Provider Reimbursement Manual. Later, claiming that the Manual's rules improperly required inclusion of labor and delivery room patient days in the per diem calculation, Stanford filed an appeal with the Board. The Board declined review on the ground that it lacked power to consider claims not expressly disclosed to the intermediary on the cost report.
 
 
 8
 Stanford appealed to the district court and both parties moved for summary judgment. Summary judgment was entered in favor of Stanford on January 29, 1986. The Secretary timely appealed and this case was consolidated with Adams House for argument.
 
 II
 ANALYSIS
 
 9
 We review the district court's grants of summary judgment de novo. Huber v. Standard Ins. Co., 841 F.2d 980, 983 (9th Cir.1988). In other words, we review the Board's refusals to accept jurisdiction under the same standard as did the district court.
 
 
 10
 Judicial review of Medicare reimbursement decisions is governed by the Administrative Procedure Act, 5 U.S.C. Secs. 701-06 (1982). See 42 U.S.C. Sec. 1395oo (f)(1); Western Medical Enters., Inc. v. Heckler, 783 F.2d 1376, 1380 (9th Cir.1986). According to that Act, the courts must set aside any agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706. We defer to an agency when it fills gaps or resolves ambiguities in the statute it administers, but we must reject agency rules that thwart the expressed intent of Congress. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-45, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984); Regents of the Univ. of California v. Heckler, 771 F.2d 1182, 1187 (9th Cir.1985).
 
 
 11
 The central question in this case is whether the Provider Reimbursement Review Board correctly decided that it had no power to consider reimbursement claims not expressly made to the fiscal intermediary in a cost report. This question had divided the federal courts, see Bethesda Hospital, 108 S.Ct. at 1258 & n. 1, but was recently answered in the negative by the Supreme Court, id. at 1260.
 
 
 12
 The facts in this case are not identical to those considered in Bethesda Hospital. The petitioners in Bethesda Hospital had attempted to bring challenges over regulations before the Board, id. at 1257; whereas in this case the appellants' challenges were over portions of the Manual. Nonetheless, the analysis of the statutory scheme is identical. Following the Supreme Court's analysis we believe the Board does have the power and the obligation to hear the appeals of Adams House and Stanford.
 
 
 13
 The administrative appeals process for health care providers is set forth in the following statutes.
 
 42 U.S.C. Sec. 1395oo (a):
 
 14
 Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if
 
 
 15
 (1) such provider
 
 
 16
 (A)(i) is dissatisfied with a final determination of ... its fiscal intermediary ... as to the amount of total program reimbursement due the provider ... for the period covered by such report ...
 
 
 17
 (2) the amount in controversy is $10,000 or more, and
 
 
 18
 (3) such provider files a request for a hearing within 180 days....
 
 42 U.S.C. Sec. 1395oo (d):
 
 19
 A decision by the Board shall be based upon the record made at such hearing, which shall include the evidence considered by the intermediary and such other evidence as may be obtained or received by the Board, and shall be supported by substantial evidence when the record is viewed as a whole. The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.
 
 
 20
 May the Board hear matters not previously raised before a fiscal intermediary? The plain language of the statute appears to settle this question. Section 1395oo (a)(1)(A)(i) allows a provider to obtain a hearing with the Board if that provider "is dissatisfied with a final determination of ... its fiscal intermediary." Adams House and Stanford are not attempting to "bypass a clearly prescribed exhaustion requirement" nor did they "fail to request from the intermediary reimbursement for all costs to which they are entitled under applicable rules." Bethesda Hospital, 108 S.Ct. at 1259. Instead, having met the requirements of the Manual promulgated by the Secretary in filing their cost reports, they now challenge the validity of those requirements. As the Supreme Court noted: "It is clear ... that the submission of a cost report in full compliance with the unambiguous dictates of the Secretary's rules and regulations does not, by itself, bar the provider from claiming dissatisfaction with the amount of reimbursement allowed by those regulations. No statute or regulation expressly mandates that a challenge to the validity of a regulation be submitted first to the fiscal intermediary." Id. 1258. The same is true of a challenge to the Manual.
 
 
 21
 Our conclusion regarding the plain language of subsection (a) is bolstered by other parts of the statute. See id. at 1259. According to section 1395oo (d), the Board may review even matters "not considered by the intermediary." This portion of the statute was considered decisive by the Seventh Circuit. See St. Mary of Nazareth Hosp. Center v. Department of Health & Human Serv., 698 F.2d 1337, 1346 (7th Cir.), cert. denied, 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983). Subsection (d) does limit the Board's power of review to "matters covered by [a] cost report." But it is no contradiction to say that a certain cost, though not explicitly raised before an intermediary, was covered by a cost report. The phrase "covered by a cost report" should be read broadly, in light of similar broad language elsewhere in the statute and regulations. See 42 U.S.C. Sec. 1395oo (a) (provider may obtain a hearing "with respect to" a cost report if he is dissatisfied with the intermediary's proposed reimbursement "for the period covered by such report"); cf. 42 C.F.R. Sec. 405.453(f) (1983) (cost reports "generally cover a consecutive 12-month period of the provider's operations").
 
 
 22
 We believe that a cost is "covered by a cost report" if it was incurred within the period which is the subject of the report and is reflected in that report, even if it is not expressly claimed.[3] See Bethesda Hospital, 108 S.Ct. at 1259.
 
 
 23
 One question remains: must the Board consider all matters timely raised before it? The First Circuit held that the Board had discretion to hear appeals or not, relying on language in 42 U.S.C. Sec. 1395oo (d) providing that the Board "shall have the power" to do certain things. See St. Luke's Hosp. v. Secretary of Health & Human Servs., 810 F.2d 325, 327-28 (1st Cir.1987). We disagree. The discretionary language does not describe the Board's power to accept or reject appeals. It describes the Board's options once an appeal is filed. More fully quoted, section (d) provides that the Board "shall have the power to affirm, modify, or reverse a final determination ... and to make any other revisions." The Board has no discretion to reject an appeal, for as 42 U.S.C. Sec. 1395oo (a) provides,
 
 
 24
 Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board.... (emphasis added)
 
 
 25
 The word "may" in the emphasized language connotes not contingency but entitlement. Cf. Goodman v. City Products Corp., 425 F.2d 702, 703 (6th Cir.1970) (The phrase "a civil action may ... be brought" refers to "the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court.").
 
 III
 CONCLUSION
 
 26
 Our review of Bethesda Hospital convinces us that the Medicare statute is not puzzling or ambiguous, despite the Secretary's claims. On the contrary, it plainly requires the Board to consider matters included in a cost report and timely appealed, even if not expressly claimed before an intermediary.
 
 
 27
 In the Adams House case, the appellants listed the assets held for over six months in their cost report and included a claim for "reasonable return" in their timely appeal to the Board. The district court ordered the Board to consider this issue. That decision is AFFIRMED.
 
 
 28
 In the Stanford case, the appellant included information in its cost report concerning labor and delivery room patient days and included a claim for recalculation of its "average cost per diem" in its timely appeal. The district court ordered the Board to consider this issue. That decision is AFFIRMED.
 
 
 
 *
 Otis R. Bowen, M.D. is substituted for his predecessor, Margaret M. Heckler, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 We note that the procedure for provider reimbursement was greatly changed in the Social Security Amendments of 1983, Pub.L. No. 98-21, 97 Stat. 65. Beginning in 1983, reimbursement for most providers is based no longer on provider costs, but on a fixed rate for each "Diagnosis Related Group."
 
 
 [2]
 The Board conducted a hearing and ruled against Adams House on the merits of its claim. Adams House appealed to a federal district court in the District of Columbia. That appeal has been stayed pending our decision
 
 
 [3]
 We do not decide whether a cost incurred within a particular period but completely omitted from the relevant cost report may be said to be "covered by" that report. The First and Seventh Circuits have concluded that such completely omitted matters may be reviewed by the Board. See St. Luke's Hosp. v. Secretary of Health & Human Serv., 810 F.2d 325, 327-28 (1st Cir.1987); St. Mary of Nazareth, 698 F.2d at 1346