**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LOMA LINDA UNIVERSITY MEDICAL
CENTER,
              *Plaintiff-Appellee,*

              v.

MICHAEL O. LEAVITT, Secretary of
Health and Human Services,
              *Defendant-Appellant.*

No. 05-56341

D.C. No.
CV-02-00025-RT

LOMA LINDA UNIVERSITY MEDICAL
CENTER,
              *Plaintiff-Appellant,*

              v.

MICHAEL O. LEAVITT, Secretary of
Health and Human Services,
              *Defendant-Appellee.*

No. 05-56497

D.C. No.
CV-02-00025-RT

OPINION

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, Senior Judge, Presiding

Argued and Submitted
June 11, 2007—Pasadena, California

Filed July 9, 2007

Before: Dorothy W. Nelson, Stephen Reinhardt, and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Rymer

8199

**COUNSEL**

Susan Maxson Lyons, United States Department of Justice, Washington, D.C., for defendant-appellant-appellee.

Lloyd A. Bookman, Los Angeles, California, for the plaintiff-appellee-appellant.

**OPINION**

RYMER, Circuit Judge:

The main problem presented in these appeals by the Secretary of Health and Human Services (HHS) and Loma Linda

University Medical Center, arising from a dispute over reimbursement under the Medicare program, is one of statutory interpretation. The question is whether the Provider Reimbursement Review Board has jurisdiction over a Medicare provider's appeal of a cost that was allowable under the Medicare regulations, but that the provider failed to include in the cost report submitted to the fiscal intermediary. The Supreme Court has commented on the issue, but not resolved it;[1] and the First and Seventh Circuits, which have decided it, answer the question differently.[2]

We conclude that once the Board acquires jurisdiction pursuant to 42 U.S.C. § 1395oo(a)[3] over a dissatisfied provider's

---

[1]*Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 404-05 (1988) (holding that a provider could be "dissatisfied" when it "self-disallowed" a cost, i.e., it purposefully did not claim it, due to regulations that prohibited it, but indicating that providers who bypass an exhaustion requirement or fail to request reimbursement for all costs to which they are entitled under applicable rules may stand on different ground).

[2]*Compare St. Luke's Hosp. v. Sec'y of Health & Human Servs.*, 810 F.2d 325, 330 (1st Cir. 1987) (holding the Board has jurisdiction and may decide issues not resolved first by the intermediary), *and MaineGeneral Med. Ctr. v. Shalala*, 205 F.3d 493, 500 (1st Cir. 2000) (reaffirming this holding), *with Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala*, 165 F.3d 1162, 1165 (7th Cir. 1999) (holding that intermediaries must get the first shot). *But see St. Mary of Nazareth Hosp. Ctr. v. Dep't of Health & Human Servs.*, 698 F.2d 1337, 1346 (7th Cir. 1983) (holding that completely omitted matters may be reviewed by the Board given that 42 U.S.C. § 1395oo(d) provides Board review for matters not considered by the intermediary).

[3]Section 1395oo(a) provides, in pertinent part:

Any provider of services which has filed a required cost report . . . may obtain a hearing with respect to such cost report by a . . . Board . . . if—

(1)   such provider—
      (A)(i) is dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . .

(2)   the amount in controversy is $10,000 or more, and

(3)   such provider files a request for a hearing within 180 days after notice of the intermediary's final determination . . . .

cost report on appeal from the intermediary's final determination of total reimbursement due for a covered year, it has discretion under § 1395oo(d)[4] to decide whether to order reimbursement of a cost or expense that was incurred within the period for which the cost report was filed, even though that particular expense was not expressly claimed or explicitly considered by the intermediary. In this, we join the First Circuit's similar view. *MaineGeneral Med. Ctr. v. Shalala*, 205 F.3d 493 (1st Cir. 2000), *reh'g denied*, 210 F.3d 420 (1st Cir. 2000); *St. Luke's Hosp. v. Sec'y of Health & Human Servs.*, 810 F.2d 325 (1st Cir. 1987). We therefore affirm on the Secretary's appeal, as well as on Loma Linda's cross-appeal which in the main raises issues on which federal jurisdiction is lacking.

I

As a Medicare provider, Loma Linda University Medical Center gets repaid for its services by submitting a cost report to a fiscal intermediary, in this case, Blue Cross of California, which audits the report and processes reimbursements on behalf of the Secretary of HHS. Intermediaries calculate the amount of total reimbursement due to providers and transmit the results in a "notice of program reimbursement" (NPR). 42 U.S.C. § 1395h(a); 42 C.F.R. §§ 405.1803; 421.100(c). A provider which has filed a cost report and is "dissatisfied" with

---

[4]Section 1395oo(d) provides:

A decision by the Board shall be based upon the record made at such hearing, which shall include the evidence considered by the intermediary and such other evidence as may be obtained or received by the Board, and shall be supported by substantial evidence when the record is viewed as a whole. The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.

the intermediary's "final determination . . . as to the amount of total program reimbursement" may obtain a hearing before the Provider Reimbursement Review Board (PRRB, Board) "with respect to such cost report." 42 U.S.C. § 1395oo(a). The PRRB's decision is final unless the Secretary, acting through the Administrator of the Health Care Financing Administration (HCFA),[5] reverses, affirms, or modifies the decision. *Id.* § 1395oo(f)(1). In either case, the final decision is subject to judicial review. *Id.*

Some 20 years ago, Loma Linda inadvertently zeroed out reimbursable interest expenses in its cost report for the 1985 fiscal year, which it timely filed without any claim for interest expense. On September 14, 1988, the intermediary issued an NPR; it included no adjustments for interest expense. Loma Linda appealed to the Board on March 7, 1989, identifying six aspects of the intermediary's determination with which it was dissatisfied,[6] not including interest expense. Eventually realizing its error, the hospital on May 6, 1996 filed a request with the Board to add the interest expense issue to its pending appeal.[7] Blue Cross contested the Board's jurisdiction to entertain this request as there had been no intermediary determination concerning the issue and it was untimely.[8] The Board issued a let-

---

[5]We refer to the administrator as HCFA because that is what the entity which administered the Medicare program was known as at the time. Now, the administrator is the Centers for Medicare and Medicaid Services.

[6]This comported with the regulation at 42 C.F.R. § 405.1841(a)(1), which provides that a request for Board hearing "must identify the aspects of the determination with which the provider is dissatisfied, explain why the provider believes the determination is incorrect in such particulars, and be accompanied by any documenting evidence the provider considers necessary to support its position."

[7]This also comported with the regulation at 42 C.F.R. § 405.1841(a)(1), which provides that "[p]rior to the commencement of the hearing proceedings, the provider may identify in writing additional aspects of the intermediary's determination with which it is dissatisfied and furnish any documentary evidence in support thereof."

[8]Appeals must be taken within 180 days of notice of the intermediary's final determination, 42 U.S.C. § 1395oo(a)(3); and requests to reopen must be made within three years, 42 C.F.R. § 405.1885(a).

ter decision on August 8, 1996 accepting jurisdiction pursuant to § 1395oo(a)(1) and 42 C.F.R. § 405.1841(a)(1).

All issues but for interest were resolved and the parties stipulated that if the correct income offset had been used in the 1985 cost report, the allowable interest expense would have been $1,029,279. This left the Board's jurisdiction as the dispositive issue. In a decision filed September 17, 1998, the Board found that no statutory or regulatory provision makes an audit adjustment a prerequisite for an appeal or a determination; the intermediary actually made an audit determination regarding the offset amount when it accepted the interest income offset that eliminated the entire interest expense incurred by Loma Linda; and both the interest expense incurred and the amount of the offset were covered on the cost report which was reviewed by the intermediary's auditor. In its view, the error was clear and obvious, and should have been corrected by the intermediary. Thus, the PRRB concluded that jurisdiction was appropriate under § 1395oo(a) and 42 C.F.R. § 405.1841(a)(1), as well as under § 1395oo(d) because both the offset amount and the incurred expense were covered by the cost report even if the intermediary had not considered the matter. On the merits, the Board found that Blue Cross had incorrectly determined Loma Linda's total reimbursable cost due to the understatement of interest expense in the amount of $1,029,279.

The HCFA Administrator reversed.[9] He found *Bethesda Hospital* inapposite as no Medicare law impeded Loma Linda from properly claiming a portion of the interest expense as reimbursable on its cost report; a provider cannot be "dissatisfied" with an NPR when its cost report did not claim reimbursement as to a particular item; therefore, this case "lacks

---

[9]This followed remand for the Board to include the NPR and cost report in the record and to issue a new decision. The Board again found that it had jurisdiction and ordered the intermediary to include $1,029,279 in Loma Linda's total allowable reimbursable cost.

one of the core requirements of Board jurisdiction: provider dissatisfaction of a program reimbursement determination made by its Intermediary." The Administrator further observed that other routes are available for providers to correct cost reporting errors. Finally, he noted that § 1395oo(d) does not itself confer jurisdiction, but rather sets the Board's powers and duties after its jurisdiction has properly been established under § 1395oo(a).

The Administrator's decision was the agency's final decision on the matter, from which Loma Linda sought review in district court under 42 U.S.C. § 1395oo(f)(1). The court rejected Loma Linda's threshold contention that the Secretary waived his right to review the jurisdictional determination by ignoring the Board's pre-hearing determinations, reasoning that what mattered was the Administrator's reversal of the Board's actual hearing decisions. The court held that the Administrator's interpretation of the Medicare Act was arbitrary and capricious as it was contrary to the language and intent of § 1395oo(a). Finally, it refused to reach the merits of the interest expense issue on the ground that it only had jurisdiction over the final agency decision, i.e., the Administrator's dismissal of the administrative appeal for lack of jurisdiction. The district court ordered that the Board's last decision be reinstated, subject to the Secretary reviewing the merits. Both parties have appealed.

## II

There is no dispute that § 1395oo(a) is the gateway provision for Board jurisdiction. Rather, the parties disagree about what § 1395oo(a) means when it allows a Board hearing for a provider who is "dissatisfied" with a final determination of its intermediary. The Secretary's position is that a provider cannot be "dissatisfied" with respect to costs for which it could have claimed reimbursement from its intermediary but did not. He maintains that the district court failed to recognize that his interpretation comports with the Supreme Court's

opinion in *Bethesda Hospital*, and further erred by relying on
§ 1395oo(d) as well as the First Circuit's reasoning in *Maine-General*. Loma Linda, on the other hand, contends that the
Board obtained jurisdiction "with respect to" its 1985 cost
report when it filed an appeal from Blue Cross's final deter-
mination, and that the PRRB thereafter had power under
§ 1395oo(d) to make revisions to matters covered by that cost
report regardless of whether such matters were considered by
the intermediary.

**[1]** Mindful of our obligations under *Chevron*, we cannot
read the statute as the Secretary does. *Chevron USA, Inc. v.
Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984)
(holding that courts owe deference to an agency's permissible
interpretation of a statute it administers when the statute is
silent or ambiguous with respect to the particular issue). Sec-
tion 1395oo(a) plainly says that a provider, such as Loma
Linda, may obtain a Board hearing with respect to *the cost
report* when it is dissatisfied with the intermediary's final
determination of the amount of *total reimbursement*.[10] Section
1395oo(a) does *not* say that a hearing may be obtained "with
respect to items claimed on the cost report if the provider is
dissatisfied with a final determination of its intermediary as to
the amount of reimbursement due on each claim" — which
the statute would do, in sum or substance, if the Secretary's
interpretation were plausible.

**[2]** Loma Linda was undoubtedly "dissatisfied" with Blue
Cross's final determination of "the total program reimburse-
ment due," for it appealed. Its appeal was on time and the

---

[10]42 C.F.R. § 405.1801(a) defines the "intermediary determination"
with which a provider must be dissatisfied as "a determination of the
amount of total reimbursement due the provider . . ." This is furnished in
the NPR, which is the "written notice reflecting the intermediary's deter-
mination of the total amount of reimbursement due the provider." *Id*.
§ 405.1803(a); *see also* Provider Reimbursement Manual, Chapter 29,
§ 2905 (stating than an "NPR is considered the intermediary's final deter-
mination for purposes of any future appeal rights.").

amount exceeded the jurisdictional minimum. At this point, the Board had jurisdiction for a hearing that, according to the clear language of the text, was "with respect to [the 1985] cost report." This being so, § 1395oo(d) kicked in. As the Supreme Court put it, § 1395oo(d) "sets forth the powers and duties of the Board once its jurisdiction has been invoked." *Bethesda Hosp.*, 485 U.S. at 405. Those powers and duties are to base its decision on the record, which is to include the evidence considered by the intermediary "and such other evidence as may be obtained or received by the Board"; to affirm, modify, or reverse a final determination "with respect to a cost report"; and to make other revisions "on matters covered by such cost report . . . even though such matters were not considered by the intermediary in making such final determination." A "matter covered by such cost report" is "a cost or expense that was incurred within the period for which the cost report was filed, even if such cost or expense was not expressly claimed." *Id.* at 406; *Adams House Health Care v. Bowen*, 862 F.2d 1371, 1375 (9th Cir. 1988) (adopting the *Bethesda Hospital* definition). Thus, § 1395oo(d) squarely allows the Board to modify a final determination based on evidence that was not considered by the intermediary, and to make revisions on a cost or expense incurred during the year being reported even though the cost wasn't claimed and the matter wasn't considered by the intermediary. We cannot see how Congress could have intended an absolute exhaustion rule in the face of this explicit power. To the contrary, it appears to have spoken quite directly to the precise question and opted for Board discretion to go beyond the record adduced for, and considered by, the intermediary. So, once jurisdiction over the 1985 cost report attached, and before a hearing had been held, Loma Linda could identify additional aspects of the intermediary's determination that were covered in the cost report, and the Board had authority to deal with them.[11]

---

[11]*See HCA Health Servs. of Okla., Inc. v. Shalala*, 27 F.3d 614, 617 (D.C. Cir. 1994) (holding that "once Board jurisdiction pursuant to subsection (a) obtains, *anything* in the original cost report is fair game for a challenge by virtue of subsection (d)." (emphasis added)).

Why this is so was explained in depth by then-Judge Breyer in *St. Luke's*. 810 F.2d at 327-330. We understand the Secretary's argument that *St. Luke's* preceded *Bethesda Hospital* and could have been undermined by the Supreme Court's rationale, but the First Circuit persuasively rejected this possibility in *MaineGeneral*. 205 F.3d at 498-500.[12]

In *Bethesda Hospital*, the Court resolved a circuit split on whether a provider could meet the "dissatisfied" prerequisite of § 1395oo(a) by deliberately failing to seek ("self-disallowing") reimbursement for a particular cost on its cost report that was disallowed by regulation, only to challenge the regulation before the Board. It held that the plain language of § 1395oo(a) gave the Board jurisdiction to hear such a challenge even though it had not previously been submitted to the intermediary.[13] 485 U.S. at 404. However, in a passage upon which the Secretary relies, the Court noted that providers who wish to contest a regulation that the intermediary is bound to follow "stand on different ground" from providers "who fail to request . . . reimbursement for all costs to which they are entitled under applicable rules. While such defaults might well establish that a provider was satisfied with the amounts

---

[12]We recognize that this inevitably makes us part of an already-existing circuit split between the First and Seventh Circuits. The Seventh Circuit's view is that § 1395oo(a), "while curiously worded," manifests the plain intent that the provider give the intermediary "a first shot at the issue." *Little Co. of Mary*, 165 F.3d at 1165. We have not read § 1395oo(a) this way before, *see Adams House*, 862 F.2d at 1375-76, and, for reasons we have explained, we see subsection (a), in conjunction with subsection (d), as the First Circuit does. In any event, the exhaustion at stake here is internal to the administrative agency. There is no question that Loma Linda exhausted its administrative remedies before seeking judicial review.

[13]We have also found nothing "puzzling or ambiguous" in the statutory language, which "plainly requires the Board to consider matters included in a cost report and timely appealed, even if not expressly claimed before an intermediary." *Adams House*, 862 F.2d at 1376 (applying *Bethesda Hospital* to providers who purposely failed to claim costs listed in their cost report and then challenged the applicable provisions of the Reimbursement Manual before the Board).

requested in its cost report and awarded by the fiscal interme-diary, those circumstances are not presented here." *Id.* at 404-05. Although the contrast drawn is supportive of the Secre-tary's position, the Court's obiter dictum stops short of com-pelling a conclusion that a provider can *never* claim dissatisfaction unless it has included an allowable claim in the cost report. At most it suggests that failing to do so "might well establish" satisfaction. This is consistent with our inter-pretation of the interplay between §§ 1395oo(a) and (d) as conferring discretion on a Board with jurisdiction over a cost report under § 1395oo(a) to base its decision on evidence or costs and expenses not claimed by the provider or considered by the intermediary if the cost or expense were incurred within the period for which the cost report was prepared. *See Bethesda Hosp.*, 485 U.S. at 405-06 (finding that its conclu-sion was required by § 1395oo(a) but was supported by the design of the statute as a whole as well as by § 1395oo(d), and observing of § 1395oo(d) that it "allows the Board, once it obtains jurisdiction pursuant to subsection (a), to review and revise a cost report with respect to matters not contested before the fiscal intermediary" so long as the matter is cov-ered by the cost report).

Nor is our construction inconsistent with *French Hospital Medical Center v. Shalala*, 89 F.3d 1411 (9th Cir. 1996), as the Secretary submits. *French Hospital* involved post-reopening review of a final determination in a *revised* NPR. We thought it was unclear whether § 1395oo(a) included revised as well as original NPRs and deferred to the Secre-tary's issue-specific interpretation, holding that in the context of cost report *reopening*, the Board is constrained by the spe-cific issues raised. *Id.* at 1420. This makes sense because, at that point, a provider should not be able to bootstrap dissatis-faction with a determination on *reopening* into a fresh look at the entire, *original* NPR. By comparison, we stressed that "[w]hen a provider appeals an *initial* NPR under 42 U.S.C. § 1395oo(a), the scope of review is quite broad. Once the

three jurisdictional prerequisites are satisfied, the PRRB has jurisdiction to review a broad range of issues." *Id.* at 1418.

Likewise, we disagree with the Secretary's suggestion that *Adams House* rejected the First Circuit's view that Board jurisdiction is discretionary. What we did there was explain that the discretionary language in *St. Luke's* does not describe the Board's power to accept or reject appeals; rather, "[i]t describes the Board's options once an appeal is filed." 862 F.2d at 1375. We are guided by this construct here in holding that once jurisdiction has been obtained over a cost report because of a provider's dissatisfaction with the intermediary's final determination of the total reimbursable amount due, the Board *then* has discretion to consider evidence that was not before the intermediary; to affirm, modify or reverse the final determination; and to revise matters covered in the cost report that the intermediary did not consider.

Finally, the Secretary urges us to accept his position for reasons of policy. He is particularly troubled by the prospect of increased, time-consuming and complicated appeals, skirting available remedies and time limits, and gamesmanship. The short answer is that Congress chose to give the Board wiggle room to decide matters covered by a cost report that is properly before it which were not explicitly presented to, or considered by, the intermediary. A longer-term answer is that the Board may address these or other concerns by making rules and establishing procedures "necessary or appropriate to carry out the provisions of [§ 1395oo]." 42 U.S.C. § 1395oo(e). And the specter of "placeholder" appeals seems counter-intuitive; provider economics, sophisticated though they may be, cannot seriously be enhanced by 20 plus years delay in resolving disputes over reimbursement.

**[3]** Consequently, we hold that the Board had jurisdiction pursuant to § 1395oo(a) for a hearing with respect to Loma Linda's 1985 cost report because the provider was dissatisfied with a final determination by Blue Cross as to the amount of

total reimbursement due and other jurisdictional prerequisites were met. As a hearing had not yet been held when Loma Linda sought relief on an additional aspect of the intermediary's final determination that was covered by the 1985 cost report, that is, a cost or expense that was incurred within the period for which the cost report was filed, the Board had discretion to receive evidence and take action in accord with § 1395oo(d) on this matter even though the interest expense was not expressly claimed and had not been explicitly considered by the intermediary.

## III

## A

**[4]** In its cross-appeal, Loma Linda first asserts that the Administrator had no authority to reverse the Board's jurisdictional decision because the Board circulated a letter ruling that it had jurisdiction which the Secretary did not review within the 60 days allowed by § 1395oo(f)(1).[14] Aside from one exception not relevant here, the Administrator "may review any *final* decision of the Board, including a decision under § 405.1873 about the Board's jurisdiction to grant a hearing." 42 C.F.R. § 405.1875(a) (emphasis added). Nothing in the regulatory framework indicates that a pre-hearing decision to accept jurisdiction is in any sense "final." The Board itself did not treat its letter rulings as final as it made findings and conclusions concerning jurisdiction in its hearing deci-

---

[14]Section 1395oo(f)(1) states, in relevant part:

A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received.

sions. *Those* decisions triggered the Administrator's 60-day window.

B

Before the district court, Loma Linda sought, in addition to Medicare reimbursement for interest expenses, an award of interest pursuant to 42 U.S.C. § 1395oo(f)(2).[15] The court concluded that its own scope of review was limited to what the agency actually decided, i.e., the jurisdictional issue, and so it left the merits and Loma Linda's request for statutory interest untouched. We agree.

[5] Federal courts "have jurisdiction over Medicare reimbursement disputes only to the extent provided by 42 U.S.C. § 1395oo." *Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 853 (9th Cir. 1997) (citations omitted). Section 1395oo(f)(1) gives providers "the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary." *Id.* Here, the Secretary's reversal was only for lack of jurisdiction; there is no final decision on the merits that is ripe for judicial review. This is so even though, as Loma Linda points out, its stipulation with Blue Cross disposes of the issue of the amount of reimbursable interest as between the two of them. The stipulation was not necessarily binding even at the Board level, as it expressly acknowledges that the parties could not dictate to the PRRB what its decision should be. Beyond this, while a fiscal intermediary is, at least for certain functions, an agent of the Secretary, *see Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1110 (9th Cir. 2003); *Monmouth Med. Ctr. v. Thompson*, 257 F.3d 807, 813 (D.C. Cir. 2001) (intermediary, as agent, may be bound by writ of mandamus against Secretary), and stipula-

---

[15]Section 1395oo(f)(2) states:

> Where a provider seeks judicial review . . . the amount in controversy shall be subject to annual interest . . . to be awarded by the reviewing court in favor of the prevailing party.

tions are encouraged, *see* 42 C.F.R. § 405.1853(a), the Secretary is not necessarily bound by stipulations entered into at the PRRB hearing by an intermediary. *See Howard Young Med. Ctr., Inc. v. Shalala*, 207 F.3d 437, 443 (7th Cir. 2000). In any event, the critical predicate for judicial review — a final decision of the Board or a reversal, affirmance, or modification by the Secretary — is missing.

**[6]** Loma Linda's request that it be awarded statutory interest fails for the same reasons. Given the scope of the agency's final decision, the district court had no jurisdiction to order payment of any portion of the amount in controversy, and therefore, none to award statutory interest. *See Riley Hosp. & Benev. Ass'n v. Bowen*, 804 F.2d 302, 305 (5th Cir. 1986) ("Because there had been no final decision by the Board, the cost payments for these years were not within the jurisdiction of the district court . . . . [W]ith no jurisdiction, there can be no court order compelling the payment of interest.").

## IV

We affirm on the Secretary's appeal because we conclude that the Board had jurisdiction over Loma Linda's 1985 cost report and, having obtained jurisdiction over it, had power to decide the issue of interest expense that was incurred during the period covered by the 1985 report even though that expense had not been claimed, or considered, by the intermediary. We also affirm on Loma Linda's cross-appeal. The pre-hearing letters accepting jurisdiction were not final PRRB decisions that started the 60-day clock for review by the Secretary, and there is no final agency decision on the merits for purposes of federal court jurisdiction to award reimbursement for interest expense or statutory interest.

AFFIRMED.