**ST. JOSEPH HOSPITAL,**
Plaintiff–Appellant,

v.

**Michael O. LEAVITT, in his official capacity as Secretary of Health an Human Services, Defendant–Appellee.**

No. 07–55058.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2008.

Filed May 21, 2008.

Jeffrey T. Melching, Esq., Rutan & Tucker, LLP, Costa Mesa, CA, Jeffrey A. Lovitky, Esq., Washington, DC, for Plaintiff–Appellant.

Russell W. Chittenden, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: WARDLAW and IKUTA, Circuit Judges, and BEISTLINE *, District Judge.

## MEMORANDUM **

St. Joseph Hospital (St. Joseph) appeals from the final judgment of the district court denying its petition for judicial review of the Provider Reimbursement Review Board's (PRRB) final decision in favor of the Secretary of the Department of Health and Human Services (Secretary). We affirm the decision of the district court that the Secretary's determination to deny St. Joseph's request for an exception to its prospective reimbursement rate was neither arbitrary nor capricious and was supported by substantial evidence. *See* 5 U.S.C. § 706(2).

■ To qualify for an exception to its prospective payment rate on the ground that it provided atypically intense services, *see* 42 C.F.R. §§ 413.182(a), 413.184(a) (2001), St. Joseph was required, inter alia, to "[s]ubmit documentation on costs of nursing personnel ... showing ... [the][a]mount each employee was paid." *Id.* § 413.184(b)(2)(i)(A). As St. Joseph conceded at the hearing before the PRRB, and as the PRRB concluded in its final determination, St. Joseph failed to specify in its exception request the amount that each nursing employee was paid in accordance with § 413.184(b)(2)(i)(A). [SER 17; 30] The PRRB's decision to deny St. Joseph's exception request on this ground was supported by substantial evidence, and its refusal to infer or derive the required information from other data submitted by St. Joseph was neither arbitrary nor capricious. *See* · § 706(2); 42 C.F.R.

§§ 413.180(f)-(g), (*l*), 413.184(b)(2)(i) (2001) (regulations conditioning eligibility for exception request on submission of specified documentation).

■ We also reject St. Joseph's argument that it was deprived of due process because the Secretary failed to provide the necessary notice that St. Joseph's documentation was faulty. The regulations clearly establish the duty of an applicant for an exception request to provide specific documentary information, including "documentation on costs of nursing personnel ... showing ... [the][a]mount each employee was paid," § 413.184(b)(2)(i)(A); *see also id.* § 413.180(f)-(g), (*l*). Moreover, St. Joseph does not dispute that the fiscal intermediary in this case recommended that St. Joseph's exception request be denied because it "failed to provide a breakdown of what each employee was paid." [ER 92] Although St. Joseph argues that the fiscal intermediary's decision was superceded by the decision of the Centers for Medicare and Medicaid Services (CMS), the statute providing for PRRB review of a decision rejecting an exception request provides that the PRRB shall review the "determination of the fiscal intermediary." 42 U.S.C. § 1395oo(d). Moreover, the PRRB may also reach issues that were "not considered by the intermediary." *Id.;see also Loma Linda Univ. Med. Ctr. v. Leavitt*, 492 F.3d 1065, 1068 & n. 4, 1071 (9th Cir.2007). Thus, St. Joseph was on notice both that the PRRB review related to the decision of the fiscal intermediary, and that the fiscal intermediary had placed St. Joseph's failure to provide employee cost information at issue.

Because this ground is sufficient to uphold the decision of the PRRB, we need

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not reach the other bases for rejecting St. Joseph's appeal identified by the district court and the PRRB.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.