MEMORANDUM **
Robert E. Frazier, an enrollee in a qualified Medicare plan, appeals pro se the district court’s summary judgment uphold *881 ing the Secretary’s denial of reimbursement for the cost of surgery performed by a doctor outside of the plan. Although our review is de novo, we will not reverse the Secretary’s decision unless it is “arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence on the record taken as a whole.” Wilmot Psychiatric/Medi-center Tucson v. Shalala, 11 F.3d 1505, 1506 (9th Cir.1993) (internal quotation marks omitted). Applying that standard, we affirm.
DISCUSSION
Frazier contends his out-of-plan surgery was medically necessary and superior to what his plan offered. The record indicates, however, that his Medicare health provider, Kaiser Foundation Health Plan (Kaiser), offered similar, if not essentially the same, treatment that Frazier ultimately received from the out-of-plan physician. Indeed, an independent review board, the Center for Health Dispute Resolution (CHDR), rejected Frazier’s request for the out-of-plan surgery, reasoning that Kaiser offered “a medically appropriate treatment plan” and there was no evidence that the out-of-plan treatment was either “medically superior” or “medically preferable” for Frazier. An administrative law judge (ALJ) also denied Frazier’s request for reimbursement, finding that Frazier “did not have an emergent medical condition or other reason for going to an out-of-plan specialist” and noting that Kaiser “did not refuse medical treatment, but instead, offered [Frazier] ... medical services that met the standard of reasonable medical care.”
We conclude substantial evidence supports the administrative determination that Kaiser offered a surgical procedure adequate to meet Frazier’s medical needs, such that out-of-plan specialty care was not necessary. The record indicates Kaiser’s treatment was medically adequate to treat Frazier’s condition and Kaiser’s doctors were qualified to perform the procedure. Moreover, there is no basis to conclude that Kaiser’s proposed procedure did not adequately address Frazier’s concerns regarding potential side-effects. Thus, Frazier did not demonstrate that he required “specialty care ... outside of the plan” or that his provider’s services were “unavailable or inadequate” to meet his needs. 42 C.F.R. § 422.112(a)(3).
Frazier raises a litany of other arguments that are either not relevant or lack merit. He challenges, for example, the ALJ’s evidentiary rulings, but an ALJ has considerable discretion in determining what evidence will be allowed. See Atlantic-Pacific Const. Co. v. NLRB, 52 F.3d 260, 263 (9th Cir.1995) (noting standard of review). Frazier further contends the ALJ failed to give proper weight to whether he had special medical needs, whether Kaiser misinformed him about its procedure, and whether Kaiser’s doctors lacked proper credentials and surgical experience. It is not the task of the reviewing court, however, to reweigh the evidence before the agency. See Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1146 (9th Cir.1991). Finally, Frazier asserts that much of the medical evidence before the ALJ was inadmissible hearsay. It is well settled, however, “that agencies are not bound by strict rules of evidence.” See Villegas-Valenzuela, v. INS, 103 F.3d 805, 812 (9th Cir.1996).
Frazier also contends the district court did not adequately review the record or consider all of his issues. The district court’s review of an agency decision, however, is limited in scope and employs a narrow standard of review. Dennis v. Blount, 497 F.2d 1305, 1309 & n. 4 (9th Cir.1974). Moreover, the court was not required to consider issues not relevant to *882 the inquiry or go outside the administrative record. See Loma Linda Univ. Med. Ctr. v. Leavitt, 492 F.3d 1065, 1074 (9th Cir.2007) (noting district court properly limited its scope of review “to what the agency actually decided”).
Finally, Frazier raises various constitutional claims, but only his due process claim warrants discussion. “Due process protects against the deprivation of life, liberty, or property.” MacLean v. Dept. of Homeland Security, 543 F.3d 1145, 1151 (9th Cir.2008) (internal quotation omitted). Assuming the denial of Medicare benefits implicates such interests, Frazier was entitled to adequate notice and “the opportunity to be heard at a meaningful time and in a meaningful manner.” See Miranda v. City of Cornelius, 429 F.3d 858, 866-67 (9th Cir.2005). Although Frazier had ample opportunity to present his case, including two internal reviews by Kaiser, an independent review by CHDR, an eviden-tiary hearing before an ALJ, an appeal to the Medicare Appeals Council, and a hearing in federal district court, he nonetheless argues he was denied due process in these forums because he was precluded from making “a full presentation of the case.” He cites the ALJ’s rejections of his requests for subpoenas, the admission of hearsay evidence, the ALJ’s alleged bias, and the district court’s decision to decide the matter on summary judgment.
None of these events denied Frazier due process of law. The ALJ did not abuse his discretion in denying the subpoenas because there was no showing that other witnesses were necessary given the parties’ submission of documentary evidence in the administrative record. As we previously indicated, hearsay is generally admissible in administrative proceedings. Moreover, there is no indication the ALJ was biased. See Bayliss v. Barnhart, 427 F.3d 1211, 1215 (9th Cir.2005) (noting presumption that an ALJ is unbiased may be overcome only by showing a “conflict of interest or some other specific reason for disqualification”). Finally, Frazier’s contention that he was somehow denied due process because he filed a motion for judgment on the pleadings while the Secretary moved for summary judgment is meritless.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.