**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERLE JANES, MD, a physician licensed in the State of Washington; et al., | No. 09-35602 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-00200-EFS |
| v. | MEMORANDUM[*] |
| PETER J. HARRIS; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MERLE JANES, MD, a physician licensed in the State of Washington; et al., | No. 09-35640 |
| Plaintiffs - Appellees, | D.C. No. 2:08-cv-00200-EFS |
| v. | |
| PETER J. HARRIS; et al., | |
| Defendants - Appellants. | |

Appeals from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 12, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Plaintiffs appeal the grant of summary judgment to Defendants on the ground that Plaintiffs lacked Article III standing. Defendants cross-appeal. We have jurisdiction under 28 U.S.C. § 1219. We affirm the grant of summary judgment and dismiss Defendants' cross-appeal as moot.

1.      Plaintiffs invoked federal court jurisdiction and, therefore, bore the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish Article III standing, Plaintiffs were required to show that Defendants' allegedly unlawful conduct caused them to suffer an actual or imminent injury—not a hypothetical, conjectural, or abstract injury—that a favorable decision would redress. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004). Furthermore, in response to Defendants' summary judgment motion, Plaintiffs could no longer rest on the allegations contained in their complaint, but were required to set forth by affidavit or other admissible evidence specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Lujan*, 504 U.S. at 561.

Plaintiffs allege an injury based on the Agency of Medical Directors Group's publication of the Interagency Guideline on Opioid Dosing for Chronic Non-cancer Pain ("Dosing Guidelines"). Plaintiffs, however, have failed to present any evidence that the Dosing Guidelines restrict the authority of doctors to prescribe, or the ability of chronic pain patients to obtain, opioids in the manner alleged. Indeed, the Dosing Guidelines state that they are "advisory." Because Plaintiffs allege an injury that is no more than conjectural or hypothetical, they have failed to establish an injury in fact and, therefore, lack Article III standing to challenge the Dosing Guidelines. *See Lujan*, 504 U.S. at 560.

**2.** Next, Plaintiffs claim that the Medical Quality Assurance Commission ("Medical Commission") impermissibly enforces the advisory Dosing Guidelines and threatened discipline against Dr. Janes for prescribing opioids. We do not, however, reach the question of whether Plaintiffs have standing to challenge the Medical Commissions' alleged enforcement of the Dosing Guidelines because we conclude that this claim is not ripe. Like standing, ripeness can be raised at any time and is not waivable. *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58 n.18 (1993).

To date, Dr. Janes has received at most a threat of formal investigation and a suggestion of sanction, but no formal administrative action has been taken. The

3

parties do not dispute that a formal Medical Commission investigation includes many intervening steps, including an opportunity for an evidentiary hearing, which must occur before a disciplinary sanction, such as a license suspension, can be imposed. *See* Wash. Rev. Code § 18.130 *et seq*. This administrative process has not begun let alone concluded; therefore, any challenge to the actions taken by the Medical Commission with respect to Dr. Janes is not ripe. *See Loma Linda Univ. Med. Ctr. v. Leavitt,* 492 F.3d 1065, 1074 (9th Cir. 2007). Finally, evidence that the Medical Commission suspended another Washington doctor's license for failure to keep adequate records does not establish impermissible enforcement of the Dosing Guidelines.

3.    In light of our disposition of Plaintiffs' appeal, Defendants' cross-appeal is moot. We therefore dismiss it.

No. 09-35602: AFFIRMED

No. 09-35640: DISMISSED

4