# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 24-5188**

**September Term, 2025**

FILED ON: NOVEMBER 14, 2025

UNIVERSITY OF CHICAGO MEDICAL CENTER,
    APPELLANT

v.

ROBERT F. KENNEDY, JR. SECRETARY OF HEALTH AND HUMAN SERVICES,
    APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 16-cv-1276)

———

Before: SRINIVASAN, *Chief Judge*, PILLARD, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The panel has accorded these issues full consideration and decided that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order granting the Department of Health and Human Services Secretary's motion for summary judgment be **AFFIRMED**.

\* \* \*

Plaintiff University of Chicago Medical Center sought payment under the Medicare statute, 42 U.S.C. § 1395 *et seq.*, for the indirect costs of providing graduate medical education. The Hospital submitted a cost report to a contractor claiming payment for 433.33 "full time equivalent" medical students and 417 hospital beds. JA 127, 251. In 2005, after the contractor issued a notice of reimbursement in which it adjusted the resident count downward, the Hospital appealed to the Provider Reimbursement Review Board on the ground that the contractor improperly excluded research and training time. JA 269. In 2006, it added the claim that the

contractor failed to exclude 8 non-reimbursable beds the Hospital mistakenly included in the bed count. JA 265. In its 2012 preliminary position paper—the equivalent of an opening brief in court—the Hospital added challenges to the contractor's exclusion of resident vacation time, clinical rotation time, and carry over issues from a previous appeal. JA 424–26.

The Board's regulations at the time required the Hospital to "identify the aspects of the determination with which [it] is dissatisfied" and explain why the contractor's decision on that aspect was "incorrect in such particulars" for each component of a multi-component issue. 42 C.F.R. § 405.1841(a)(1) (2005); JA 303. In its 2005 hearing request, the Hospital did not identify claims regarding vacation time, clinical rotation time, or carry forward issues. The Board therefore properly dismissed those claims. The Board reasonably read its regulation as limiting its appellate review to properly presented claims of error, including "sub-issues." This was a routine application of an established rule. *See generally NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 290–95 (1974). As such, the Board was not required to publish a new rule in the Federal Register, 42 U.S.C. § 1395hh(c)(1); nor give special notice of its decision, *see University of Tex. M.D. Anderson Cancer Ctr. v. Sebelius*, 650 F.3d 685, 688 (D.C. Cir. 2011).

The Board also properly dismissed the Hospital's claims relating to the bed count. Under 42 U.S.C. § 1395oo(a), a provider may obtain a hearing "with respect to [the] cost report" when dissatisfied with "the amount of total reimbursement." The Seventh Circuit reads § 1395oo(a) to limit the Board's jurisdiction to issues in the cost report that the contractor considered. *See Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala,* 24 F.3d 984, 993 (7th Cir. 1994) (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 404–05 (1988)); *Little Co. of Mary Hosp. & Health Care Ctrs. v. Shalala*, 165 F.3d 1162, 1165 (7th Cir. 1999). The First and Ninth Circuits reject this issue-specific approach, reading § 1395oo(a) in conjunction with § 1395oo(d) to grant the Board discretionary appellate authority over the entire cost report. *See Loma Linda Univ. Med. Ctr. v. Leavitt*, 492 F.3d 1065, 1070–71 (9th Cir. 2007); *MaineGeneral Med. Ctr. v. Shalala*, 205 F.3d 493, 500 (1st Cir. 2000); *see also Bethesda*, 485 U.S. at 406.

Both positions support the Board's dismissal. If the Board had no jurisdiction over the bed count issue, it correctly dismissed the Hospital's claim. If the Board had jurisdiction, the bed count issue falls under the Board's § 1395oo(d) discretionary authority. The contractor did not consider the inclusion of the eight beds at the non-Medicare-reimbursable facility. It merely accepted the numbers the Hospital provided and made an unrelated adjustment based on renovations. JA222-23. Even if the statute gave the Board the option of considering issues the contractor did not, it does not obligate the Board to do so. *See St. Luke's Hosp. v. Sec'y of Health & Hum. Servs.*, 810 F.2d 325, 326 (1st Cir. 1987); *see also Loma Linda*, 492 F.3d at 1073.

The Board's discretionary dismissal was not an unexplained departure from precedent. The Board has previously invoked its discretion and refused to subtract seventeen wrongly included beds from a provider's IME reimbursement calculation. *Affinity Med. Ctr.v. BlueCross BlueShield Ass'n/Nat'l Gov't Servs.*, PRRB Decision No. 2010-D15 (Mar. 11, 2010), *declined review*, CMS Administrator (May 3, 2010); JA 448, 452–53. The decision is not contrary to

*Mayo Reg'l Hosp. v. BlueCross BlueShield Ass'n/Associated Hosp. Servs. of Maine*, PRRB Decision No. 2002-D15 (Mar. 27, 2002). The provider in that case made a legitimate accounting decision about how it characterized and reported certain debt over multiple worksheets; it did not make a mistake about the overall amount of that debt. JA 445.

The Board's general policy of not hearing claims under § 1395oo(d) when those claims are not raised before the financial intermediary – the contractor – is sensible. The statutory scheme does not designate the Board as a body of first impression. Its policy encourages providers to be diligent in preparing their cost reports. This policy is not a new substantive legal standard that had to be "promulgated . . . by regulation" under 42 U.S.C. § 1395hh(a)(2) because it does not impose new financial obligations on providers or alter any formulae used to determine reimbursement. *See Clarian Health W., LLC v. Hargan,* 878 F.3d 346, 356 (D.C. Cir. 2017); *see also Chippewa Dialysis Servs. v. Leavitt*, 511 F.3d 172, 177 (D.C. Cir. 2007). It merely establishes a procedural requirement providers must satisfy before the Board will exercise its discretionary authority to hear challenges concerning existing substantive legal standards. The Board could establish such a procedural requirement in case-by-case adjudications. *See Bell Aerospace Co.*, 416 U.S. at 290–95. For the same reason, the requirement did not need to be published in the Federal Register under 42 U.S.C. § 1395hh(c)(1). The Medicare Statute empowers the Board to "establish procedures . . . necessary or appropriate to carry out the provisions of this section." 42 U.S.C. § 1395oo(e). The formulation of procedures is within the discretion of agencies to which Congress has confided the responsibility for substantive judgments. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 542–48 (1978).

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk