# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALICE FAYE O'DONNELL,
         *Plaintiff-Appellant,*

v.

VENCOR INC., aka First Healthcare
Corporation dba Kachina Point
Health Center; KACHINA POINT
HEALTHCARE; DOES, 1 through 25,
inclusive; RED, WHITE, AND BLUE
ENTITIES, INCLUSIVE,
         *Defendants-Appellees,*

and

KINDRED NURSING CENTER WEST,
LLC,
         *Defendant.*

No. 05-15687

D.C. No.
CV-01-01836-EHC

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Argued and Submitted
August 15, 2006—San Francisco, California

Filed October 10, 2006
Amended October 31, 2006

Before: William C. Canby, Jr., David R. Thompson, and
Michael Daly Hawkins, Circuit Judges.

Per Curiam Opinion

18061

**COUNSEL**

Nicholle Harris and Aeryn Heidermann, Law Students, and Willie Jordan-Curtis, Supervising Attorney, University of Arizona, Tucson, Arizona, for the plaintiff-appellant.

Thomas L. Hudson, Phoenix, Arizona, for the defendants-appellees.

**ORDER**

The panel of judges named above amends, in the following manner, the *per curiam* opinion filed October 10, 2006:

A.

At slip opinion page 17370, delete the paragraph that begins at the top of the page with the words "O'Donnell originally timely filed her first complaint . . ." and ends with the words "proceedings on O'Donnell's EPA claims." Replace that deleted paragraph with the following:

O'Donnell originally timely filed her first complaint asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA"). She filed that complaint within ninety days after the issuance of her right-to-sue letter by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). The defendants thereafter filed for bankruptcy and an automatic stay was issued. The magistrate judge placed O'Donnell's case on inactive status and gave her 180 days to move to lift the stay,

seek to reduce the claims against Defendant to judgment in the bankruptcy court, or otherwise demonstrate a reasonable basis to continue the case on inactive status. The magistrate judge warned O'Donnell that failure to comply would result in dismissal of her complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Eleven days after the expiration of the 180-day period, O'Donnell filed an untimely motion seeking a continuance of her case on inactive status and requesting an informal status conference. After O'Donnell failed to appear at the status conference she had requested, the magistrate judge dismissed O'Donnell's complaint without prejudice under Rule 41(b). She did not appeal that dismissal.

After the bankruptcy automatic stay was lifted, O'Donnell filed a second complaint against the defendants on September 27, 2001, repeating her Title VII and ADEA claims. In an amendment to that second complaint, which amendment she filed December 1, 2003, O'Donnell advanced new claims under the Equal Pay Act, 29 U.S.C. § 206 ("EPA"). The district court dismissed O'Donnell's second complaint with prejudice, holding that her claims were time-barred and that she was not entitled to equitable tolling because her first action had been dismissed as a result of her own inaction. We affirm the district court's dismissal of O'Donnell's Title VII and ADEA claims, but reverse and remand for further proceedings on O'Donnell's EPA claims.

### B.

At slip opinion page 17370, the following paragraphs are inserted immediately following **I. Title VII and ADEA Claims**:

## I.  Title VII and ADEA Claims

First, although the parties have not raised the issue, we *sua sponte* consider whether the magistrate judge's dismissal of

O'Donnell's first complaint was void as being entered in violation of the automatic stay. Although "[t]he general rule is that actions taken in violation of an automatic stay are void," *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir. 1985) (citing 2 COLLIER ON BANKRUPTCY ¶ 362.11 (15th ed. 1984)), here the dismissal for failure to prosecute was not void because it did not constitute a "continuation" of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1).

In dismissing O'Donnell's first complaint under Rule 41(b), the magistrate judge was not required "to consider other issues presented by or related to the underlying case." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995). In addition, "there was no conceivable way for the court's consideration of the [Rule 41(b) dismissal] to harm the bankrupt [Vencor]." *Id.* at 756-57. Furthermore, the dismissal was "consistent with the purpose of [section 362(a)]" because it did not intrude on Vencor's "breathing space" or threaten other creditors by giving preference to O'Donnell. *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (order). Finally, we note that this court in *Independent Union of Flight Attendants* explicitly adopted the rationale articulated by the Eighth Circuit in *Dennis v. A.H. Robins Co.*, where the Eighth Circuit held that the district court has the power to dismiss a case for docket management purposes under Rule 41(b) notwithstanding an automatic stay. *Indep. Union of Flight Attendants*, at 458-59 ("[T]he Eighth Circuit has held that § 362(a) does not 'preclude another court from dismissing a case on its docket or . . . affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.' " (quoting *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (per curiam))). Thus, the magistrate judge's dismissal of O'Donnell's first action under Rule 41(b) does not constitute a "continuation" of a judicial proceeding under 11 U.S.C. § 362(a)(1) such that it is void for having violated the automatic stay.

While we could have considered whether the magistrate judge abused his discretion in dismissing O'Donnell's first complaint had O'Donnell filed an appeal after the automatic stay was lifted, she failed to file such an appeal. *See DeLange v. Dutra Const. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (noting that district courts have "broad discretion in interpreting and applying their local rules"); *Big Bear Lodging Ass'n. v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 (9th Cir. 1999) (applying abuse of discretion standard to district court's decision to impose sanctions pursuant to local rule). Therefore, we review only the dismissal of O'Donnell's second complaint.

C.

At slip opinion page 17370, delete the sentence that appears in the per curiam opinion filed October 10, 2006 immediately following **I. Title VII and ADEA Claims**, which sentence reads as follows: "O'Donnell's claims under Title VII and the ADEA are untimely because she filed her second complaint more than ninety days after the EEOC's issuance of her right-to-sue letter." In place of that deleted sentence, insert: "The Title VII and the ADEA claims asserted in O'Donnell's second complaint are untimely, however, because she filed her second complaint more than ninety days after the EEOC's issuance of her right-to-sue letter."

Petitions for rehearing or rehearing en banc may be filed.

---

**OPINION**

PER CURIAM:

Pro se plaintiff-appellant Alice Faye O'Donnell ("O'Donnell") appeals the district court's dismissal of her employment discrimination claims as time-barred. O'Donnell asserts that the district court should have applied the doctrines

of equitable tolling, equitable estoppel, or laches to excuse her filing her second action after the statute of limitations had expired.

We review de novo whether a claim is barred by a statute of limitations. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000). Because the facts here are undisputed, we review de novo whether to apply equitable tolling. *See id.* We review for an abuse of discretion the district court's decision whether to apply equitable estoppel. *See id.* at 1176. We review de novo whether laches is available as a matter of law and for an abuse of discretion the district court's decision whether to apply laches to the facts. *See In re Beaty*, 306 F.3d 914, 920-21 (9th Cir. 2002).

O'Donnell originally timely filed her first complaint asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA"). She filed that complaint within ninety days after the issuance of her right-to-sue letter by the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). The defendants thereafter filed for bankruptcy and an automatic stay was issued. The magistrate judge placed O'Donnell's case on inactive status and gave her 180 days to move to lift the stay, seek to reduce the claims against Defendant to judgment in the bankruptcy court, or otherwise demonstrate a reasonable basis to continue the case on inactive status. The magistrate judge warned O'Donnell that failure to comply would result in dismissal of her complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Eleven days after the expiration of the 180-day period, O'Donnell filed an untimely motion seeking a continuance of her case on inactive status and requesting an informal status conference. After O'Donnell failed to appear at the status conference she had requested, the magistrate judge dismissed O'Donnell's complaint without prejudice under Rule 41(b). She did not appeal that dismissal.

After the bankruptcy automatic stay was lifted, O'Donnell filed a second complaint against the defendants on September 27, 2001, repeating her Title VII and ADEA claims. In an amendment to that second complaint, which amendment she filed December 1, 2003, O'Donnell advanced new claims under the Equal Pay Act, 29 U.S.C. § 206 ("EPA"). The district court dismissed O'Donnell's second complaint with prejudice, holding that her claims were time-barred and that she was not entitled to equitable tolling because her first action had been dismissed as a result of her own inaction. We affirm the district court's dismissal of O'Donnell's Title VII and ADEA claims, but reverse and remand for further proceedings on O'Donnell's EPA claims.

## I. Title VII and ADEA Claims

**[1]** First, although the parties have not raised the issue, we *sua sponte* consider whether the magistrate judge's dismissal of O'Donnell's first complaint was void as being entered in violation of the automatic stay. Although "[t]he general rule is that actions taken in violation of an automatic stay are void," *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir. 1985) (citing 2 COLLIER ON BANKRUPTCY ¶ 362.11 (15th ed. 1984)), here the dismissal for failure to prosecute was not void because it did not constitute a "continuation" of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1).

**[2]** In dismissing O'Donnell's first complaint under Rule 41(b), the magistrate judge was not required "to consider other issues presented by or related to the underlying case." *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995). In addition, "there was no conceivable way for the court's consideration of the [Rule 41(b) dismissal] to harm the bankrupt [Vencor]." *Id.* at 756-57. Furthermore, the dismissal was "consistent with the purpose of [section 362(a)]" because it did not intrude on Vencor's "breathing space" or threaten other creditors by giving preference to O'Donnell. *Indep.*

*Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (order). Finally, we note that this court in *Independent Union of Flight Attendants* explicitly adopted the rationale articulated by the Eighth Circuit in *Dennis v. A.H. Robins Co.*, where the Eighth Circuit held that the district court has the power to dismiss a case for docket management purposes under Rule 41(b) notwithstanding an automatic stay. *Indep. Union of Flight Attendants*, at 458-59 ("[T]he Eighth Circuit has held that § 362(a) does not 'preclude another court from dismissing a case on its docket or . . . affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.' " (quoting *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (per curiam))). Thus, the magistrate judge's dismissal of O'Donnell's first action under Rule 41(b) does not constitute a "continuation" of a judicial proceeding under 11 U.S.C. § 362(a)(1) such that it is void for having violated the automatic stay.

While we could have considered whether the magistrate judge abused his discretion in dismissing O'Donnell's first complaint had O'Donnell filed an appeal after the automatic stay was lifted, she failed to file such an appeal. *See DeLange v. Dutra Const. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (noting that district courts have "broad discretion in interpreting and applying their local rules"); *Big Bear Lodging Ass'n. v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 (9th Cir. 1999) (applying abuse of discretion standard to district court's decision to impose sanctions pursuant to local rule). Therefore, we review only the dismissal of O'Donnell's second complaint.

**[3]** The Title VII and the ADEA claims asserted in O'Donnell's second complaint are untimely, however, because she filed her second complaint more than ninety days after the EEOC's issuance of her right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). O'Donnell's second complaint does not "relate back" to her first complaint because her second complaint was not an "amendment" to her

first complaint, but rather a separate filing. *See* FED. R. CIV. P. 15(c)(2).

**[4]** Assuming, arguendo, that the doctrine of equitable tolling could be applied to O'Donnell's situation, it would not save her Title VII or ADEA claims. "In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *see also Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam). "In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir. 1998). Contrary to O'Donnell's assertion, it is irrelevant that the dismissal of her first complaint without prejudice was "involuntary" rather than "voluntary." *See Wei*, 763 F.2d at 372; *see also* 8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 41.50(7)(b) (3d ed. 1997).

**[5]** Here, the ninety-day limitations period had run before the defendants filed for bankruptcy and the automatic stay was issued. At that point, there was no longer any time left in the ninety-day limitations period to equitably toll. Therefore, equitable tolling would not save O'Donnell's Title VII or ADEA claims.

**[6]** The district court did not abuse its discretion in not applying equitable estoppel based on O'Donnell's alleged reliance on the defendants' notice of the bankruptcy automatic stay. "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit . . . ." *Santa Maria*, 202 F.3d at 1176. "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations,

(2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." *Id.* Equitable estoppel is not warranted here because there is no "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct." *Id.*

**[7]** The defendants' motion to dismiss based on the statute of limitations is not barred by laches despite its filing over two years after O'Donnell's second complaint. To successfully establish laches, a party must show that (1) there was inexcusable delay in the assertion of a known right and (2) the party asserting laches has been prejudiced. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006). Here, O'Donnell was not prejudiced by the delay because she had timely notice of the statute of limitations defense from the defendants' answer and the delay was reasonable because it was due to multiple stays entered while the parties pursued settlement talks and O'Donnell sought an attorney.

**[8]** We, therefore, affirm the district court's dismissal of O'Donnell's Title VII and ADEA claims as untimely.

## II.   Equal Pay Act Claims

O'Donnell's EPA claims, by contrast, are timely because (1) the December 1, 2003 amendment asserting the EPA claims "relates back" to the second complaint filed September 27, 2001; and (2) equitable tolling applies, making the second complaint timely under the EPA statute of limitations.

**[9]** A later pleading "relates back" to the original pleading if the claims in the later pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). Although O'Donnell first raised her EPA claims in the December 1,

2003 amendment, the facts alleged in O'Donnell's second complaint filed September 27, 2001 in support of her Title VII and ADEA claims — that her hours had been given to a male van driver, that a part-time male driver with less seniority had been promoted and paid a higher salary, and that she was required to perform more tasks for less pay than male van drivers — also form the basis for the EPA claims she asserted in her December 1, 2003 amendment. Because the allegations and type of evidence necessary for O'Donnell to succeed on her EPA claims are identical to what she alleged in her second complaint, *see* 29 U.S.C. § 206(d)(1) (specifying that jobs are equal if their performance requires "equal skill, effort, and responsibility" and they are performed under "similar working conditions"), the December 1, 2003 amendment "relates back" to the second complaint which O'Donnell filed September 27, 2001. *See In re Markus*, 313 F.3d 1146, 1150-51 (9th Cir. 2002); *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995). Moreover, the second complaint gave the defendants adequate notice of the substance of O'Donnell's EPA claims and thus the defendants cannot show prejudice from the addition of the EPA claims arising out of the same facts. *See Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982).

**[10]** Because O'Donnell's assertion of her EPA claims relates back to the time she filed her second complaint, her EPA claims were timely filed if the statute of limitations for those EPA claims was equitably tolled. We hold that it was.

**[11]** Limitations periods are "customarily subject to 'equitable tolling,' " *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990), unless tolling would be "inconsistent with the text of the relevant statute," *United States v. Beggerly*, 524 U.S. 38, 48 (1998). Equitable tolling is generally applied in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96 (footnotes omitted).

However, the Supreme Court in *Young v. United States*, 535 U.S. 43, 50-51 (2002), also applied equitable tolling in the situation where, as here, a bankruptcy petition erected an automatic stay under 11 U.S.C. § 362 which prevented the claimant from taking steps to protect her claim.

**[12]** Here, the defendants created the situation which impeded O'Donnell from pursuing her EPA claims, and they cannot now claim to be prejudiced by the application of equitable tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified"). Because nothing in the EPA precludes equitable tolling of the limitations period, *Young*, 535 U.S. at 47, we hold that the period of time commencing upon the issuance of the automatic stay and ending thirty days after notice of termination of the stay, *see* 11 U.S.C. § 108(c)(2), must be excluded from the applicable EPA limitations period, which is two years for a general violation and three years for a "willful" violation, 29 U.S.C. § 255(a). *See also United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) ("Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped.").

**[13]** Each discriminatory paycheck O'Donnell received constitutes a separate violation of the EPA with a cause of action accruing (and the running of the limitations period commencing) upon the receipt of the discriminatory paycheck. *See Bazemore v. Friday*, 478 U.S. 385, 395 (1986) (Brennan, J., concurring in part, joined by all other members of the Court) ("Each week's paycheck that delivers less to a [disadvantaged class member] than to a similarly situated [favored class member] is a wrong actionable under Title VII . . . ."); *Bartelt v. Berlitz Sch. of Languages of Am., Inc.,* 698

F.2d 1003, 1007 (9th Cir. 1982) (describing 29 U.S.C. § 255 as rendering employer who commits willful violation under EPA liable for back pay for up to three years before suit is filed); *Rural Fire Prot. Co. v. Hepp,* 366 F.2d 355, 361-62 (9th Cir. 1966) (finding that cause of action accrued at end of each pay period when minimum and maximum wage provisions of 29 U.S.C. §§ 206, 207 violated). Therefore, although the EPA violations may have been continuing, the continuing violation doctrine does not permit O'Donnell to recover back pay for discriminatory pay periods outside the applicable statute of limitations period. *See Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 118-19 (2d Cir. 1997); *Knight v. Columbus*, 19 F.3d 579, 582 (11th Cir. 1994); *Ashley v. Boyle's Famous Corned Beef Co.*, 66 F.3d 164, 168 (8th Cir. 1995) (en banc), *abrogation on other grounds recognized by Madison v. IBP, Inc.*, 330 F.3d 1051, 1056-57 (8th Cir. 2003); *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 351 (4th Cir. 1994); *Gandy v. Sullivan County*, 24 F.3d 861, 865 (6th Cir. 1994); *E.E.O.C. v. McCarthy*, 768 F.2d 1, 3 n. 4 (1st Cir. 1985).

**[14]** We therefore reverse the district court's dismissal of O'Donnell's EPA claims and remand for further proceedings to determine whether the defendants violated the EPA and, if so, to determine the applicable statute of limitations and the period and amount of back pay recoverable. *See* 29 U.S.C. § 255(a).

The parties shall each bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**