**Grace C. BAUMGARTEN,
Plaintiff—Appellant,**

v.

**BOARD OF EQUALIZATION OF CAL-
IFORNIA; CSEA SEIU Local 1000,
Defendants—Appellees.**

No. 07–15271.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 25, 2008.

Grace C. Baumgarten, Pacifica, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Austin J. Cattermole, Esq., AGCA–Office of the California Attorney General, Oakland, CA, Anne Maria Giese, Esq., California State Employees Association, Linda Shipley, Esq., Anne M. Gleise, Esq., SEIU Local 1000 (CSEA), Sacramento, CA, for Defendants–Appellees.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Grace C. Baumgarten appeals pro se from the district court's summary judgment for defendants in her action alleging racial discrimination by her former employer, the California Board of Equalization (the "Board"), and her union ("Local 1000"), and breach of the duty of fair representation by Local 1000. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Manatt v. Bank of America,* 339 F.3d 792, 796 (9th Cir.2003), and we affirm.

The district court properly granted summary judgment to the Board on Baumgarten's discrimination claims because her action was filed more than ninety days after right-to-sue letters were sent to Baumgarten. *See O'Donnell v. Vencor, Inc.,* 465 F.3d 1063, 1065–66 (9th Cir.2006) (affirming dismissal of Title VII claims filed more than ninety days after issuance of right-to-sue letter).

The district court properly granted summary judgment to the Board on Baumgar-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ten's retaliation claim because Baumgarten did not create a triable issue as to whether the Board's legitimate, nondiscriminatory reason for terminating Baumgarten's employment—her extended absence without leave—was pretext for retaliation. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028, 1034–35 (9th Cir. 2006).

The district court properly granted summary judgment to Local 1000 on Baumgarten's duty of fair representation claim because Baumgarten did not create a triable issue as to whether Local 1000's decision not to provide legal assistance to her was arbitrary, discriminatory, or in bad faith. *See Peterson v. Kennedy,* 771 F.2d 1244, 1253 (9th Cir.1985) ("A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.") (internal quotation marks omitted)

Baumgarten's remaining contentions are unpersuasive.

We deny Baumgarten's motions to include documents that were not part of the district court record, and her request for judicial notice.

**AFFIRMED.**