MEMORANDUM *
Plaintiffs Roger B. Steppe, Jr. and Cathleen Steppe (collectively, “Steppe”) appeal the district court’s summary judgment order affirming the decision of the Provider Reimbursement Review Board. Steppe challenges the Board’s determination that it lacked jurisdiction to grant his untimely request for an administrative hearing regarding his entitlement to additional Medicare reimbursement for eligible services provided by Anberry Hospital. We affirm.
The district court and the Board properly concluded that Steppe’s hearing request was untimely. After receiving Anberry’s 1995 and 1996 cost reports, Anberry’s fiscal intermediary had twelve months to issue a Notice of Program Reimbursement (NPR). When a year passed -with no NPR forthcoming, Steppe then had 180 days to file a hearing request with the Board to resolve any outstanding Medicare liability. See 42 U.S.C. § 1395oo(a); 42 C.F.R. §§ 405.1835(c), 405.1841(a)(1) (2007); Anaheim Mem’l Hosp. v. Shalala, 130 F.3d 845, 847-48 (9th Cir.1997); see also 42 C.F.R. § 405.1835(a)(3)(ii) (2008). Steppe filed his request in May 2005, however, which was more than six years after the statute of limitations had expired.
Steppe argues that he is entitled to equitable relief from the statute of limitations, but the record suggests he did not raise this matter with the Board. Absent a prior agency determination on these claims, we lack jurisdiction to entertain them. See Loma Linda Univ. Med. Ctr. v. Leavitt, 492 F.3d 1065, 1070 (9th Cir.2007); Anaheim Mem’l Hospital, 130 F.3d at 853; see also Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir.2001).
*682 In any event, were we to consider the merits of Steppe’s claim of entitlement to equitable relief, he still could not prevail. This case does not involve any of the situations under which equitable tolling or equitable estoppel generally apply. See O’Donnell v. Vencor, Inc., 466 F.3d 1104, 1110, 1112-13 (9th Cir.2006). Steppe did not file a hearing request during the statutory period, defective or otherwise, he does not identify any “misconduct” by a participant in this case that might have “induced or tricked” him into sitting on his right to appeal, and a bankruptcy stay would only have prevented creditors from pursuing claims against the Anberry estate but would not have prevented Steppe or the bankruptcy trustee from pursuing Medicare claims on behalf of the estate. See O’Donnell, 466 F.3d at 1112-13; Ernst & Young v. Matsumoto (In re United Ins. Mgmt.), 14 F.3d 1380, 1386 (9th Cir.1994); see also 11 U.S.C. §§ 108, 362(a).
Moreover, Steppe does not adequately establish that filing a hearing request would have been futile merely because he placed Anberry in bankruptcy proceedings or because the fiscal intermediary was investigating him for Medicare fraud. The various statutes, regulations, and administrative guidance manuals identified by Steppe discuss an intermediary’s obligations under these circumstances but do not foreclose a provider’s continued ability to petition the Board to resolve questions regarding liability and reimbursement. See 42 C.F.R. §§ 405.371, 405.372 (2007); Medicare Program Integrity Manual 100-08, § 3.9; Medicare Financial Management Manual 100-06, §§ 140.3-140.5.2; Medicare Intermediary Manual 13, § 2760. Nor do the statute and regulations governing hearings before the Board for the purpose of resolving reimbursement disputes contain any such restrictions on a provider’s right to adjudicative relief. See 42 U.S.C. § 1395oo(a)-(d); 42 C.F.R. §§ 405.1835, 405.1841 (2007); see also 42 C.F.R. §§ 405.1835, 405.1836 (2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.