**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH DOUGHERTY, | No. 12-35580 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00168-JLR |
| v. | |
| BELLEVUE SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted January 21, 2014**

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Keith Dougherty appeals pro se from the district court's summary judgment

in his employment action alleging violations of Title VII, the Age Discrimination

in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny Dougherty's request for oral argument set forth in his opening brief.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003), and we affirm.

The district court properly determined that the claims raised in Dougherty's first two charges of discrimination, filed with the Equal Employment Opportunity Commission ("EEOC"), were time-barred because Doughtery did not file this action within 90 days of receiving the right-to-sue letters. *See* 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117 (ADA); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) (Title VII and ADEA claims were untimely because complaint was filed more than 90 days after EEOC's issuance of right-to-sue letter).

The district court properly granted summary judgment as to the employment claims raised in Dougherty's third charge of discrimination, also filed with the EEOC, because Dougherty filed the charge more than 300 days after his resignation. *See* 29 U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) (for an EEOC charge of hostile work environment to be timely, the employee must file the charge within the statutory time period of any act that forms the basis of the hostile work environment).

The district court properly granted summary judgment as to Dougherty's retaliation claim arising from the unemployment benefits hearing because Dougherty failed to raise a genuine dispute of material fact as to whether defendant retaliated against him. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (elements of Title VII retaliation claim); *see also Poland v. Chertoff*, 494 F.3d 1174, 1180 n.1 (9th Cir. 2007) (elements of an ADEA retaliation claim are the same as those of a Title VII claim).

The district court did not abuse its discretion by denying Dougherty's motions for further discovery. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (setting forth the standard of review and explaining that movant in a motion for further discovery must identify what information is sought and how it would preclude summary judgment).

Dougherty's motion to expedite hearing of his case, filed on December 10, 2013, is denied as unnecessary.

**AFFIRMED.**

12-35580