**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 04 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIGITTE PARKER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>AMR CORPORATION, DBA American Airlines, Inc. and ASSOCIATION OF PROFESSIONAL FLIGHT ATTENDANTS,<br><br>Defendant-Appellees. | No. 14-15150<br><br>D.C. No. 2:13-cv-00387-NVW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted February 12, 2016[**]
San Francisco, California

Before: TASHIMA, FLETCHER, Circuit Judges, and BASTIAN, District Judge.[***]

Brigitte Parker appeals the entry of summary judgment in favor of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Defendant Association of Professional Flight Attendants ("APFA"). The Court reviews decisions of summary judgment *de novo*. *Farr v. U.S. W. Commc'ns, Inc.*, 151 F.3d 908, 913 (9th Cir. 1998). We determine whether any genuine issues of material fact exist, and whether the moving party is entitled to judgment as a matter of law. *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

Parker argues that her declaration regarding the claim surrounding the Mandarin-speaking flight attendants created a material question of fact. This is not the case; a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). Parker's declaration was conclusory, and lacked detail sufficient to form a response to Defendant's motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Furthermore, because Parker failed to allege a specific, concrete harm as a result of Defendant AMR Corporation's alleged preferences for the Mandarin-speaking flight attendants, the claim would fail anyway due to a lack of standing. *See Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

Parker's claim based on alleged improper integration into the Seniority Integration Agreement is untimely, *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006), and claim-precluded, *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001).

Parker raises new issues for the first time on appeal, in both her opening brief and her reply brief. Because the exceptional circumstances allowing consideration of issues raised for the first time on appeal do not appear in this case, the Court does not address them. *El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000). For similar reasons, the Court will not consider Parker's new evidentiary exhibit, filed with her opening brief. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (holding that evidence not submitted to the district court cannot be part of the record on appeal). The district court did not err in concluding there were no issues of material fact, and properly granted summary judgment as a matter of law on all claims.

**AFFIRMED.**