**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENESTHER TAYLOR, | No. 16-15159 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02336-MCE-DAD |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF TECHNOLOGY SERVICES, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 14, 2017[**]

Before:  GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Genesther Taylor appeals pro se from the district court's judgment

dismissing her employment action alleging Title VII and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal on the basis of the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed as time-barred Taylor's Title VII claims because Taylor filed this action years after the applicable statute of limitations had run. *See* 42 U.S.C. § 2000e-5(f)(1) (statute of limitations for Title VII action is ninety days from receipt of a right-to-sue letter); *Odonell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (Title VII claims are not equitably tolled during the pendency of a related action, where the related action is commenced after the ninety-day statute of limitations has run).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Taylor's state law claims after dismissing her federal claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation and internal quotation marks omitted)); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review). We treat the dismissal of the state law claims as a dismissal without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline

jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted; alteration in original)).

Because we affirm the dismissal of Taylor's action as time-barred, we do not consider Taylor's contentions regarding the merits of her claims.

**AFFIRMED.**