NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA ANN ATKINS, | No. 15-16242 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00815-DLR |
| v. | |
| GOVERNING BOARD OF CREIGHTON SCHOOL DISTRICT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Lisa Ann Atkins appeals pro se from the district court's judgment dismissing

her employment action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Barren v. Harrington*, 152 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e));

*O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006) (statute of limitations and application of equitable tolling where facts are undisputed). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Atkins's equal protection claim under 42 U.S.C. § 1983 as barred by Arizona's two-year statute of limitations because Atkins filed this action eight years after the injury accrued. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *see also* Ariz. Rev. Stat. § 12-542 (two year statute of limitations for personal injury action).

The district court properly dismissed Atkins's gender discrimination claim under Title VII because Atkins failed to file this action within ninety days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (action must be filed within ninety days of issuance of the right to sue letter); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (Title VII action must

be commenced within ninety days after receipt of a right to sue letter). The district court properly found that equitable tolling did not apply to Atkins's Title VII claim because Atkins failed to show extraordinary circumstances beyond her control that justified equitable tolling. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time"); *O'Donnell*, 466 F.3d at 1111 ("[w]here a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the ninety day limitations period" (citation and internal quotation marks omitted)).

Dismissal of Atkins's negligence claim was proper because it was barred by the statute of limitations. *See* Ariz. Rev. Stat. § 12-542 (two year statute of limitations for negligence claim).

**AFFIRMED.**