**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK D. POPPE, | No.   15-17132 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02103-KJD-PAL |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 18, 2017[**]
San Francisco, California

Before:  D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,[***] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

Patrick Poppe ("Poppe") appeals the district court's order dismissing his claim for dental malpractice brought against the United States under the Federal Tort Claims Act ("FTCA") as time barred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court correctly dismissed Poppe's FTCA action as time barred by the FTCA's six-month limitation period set forth at 28 U.S.C. § 2401(b). We reject Poppe's contention that the filing of his initial FTCA complaint, subsequently dismissed without prejudice, excuses the untimely filing of his second FTCA action. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the . . . limitation period. In such cases, the dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." (citations and internal quotation marks omitted)).

The district court also correctly held that the doctrine of equitable tolling does not apply to save Poppe's otherwise untimely claim. Although the district court mistakenly characterized the statute of limitations at 28 U.S.C. § 2401(b) as jurisdictional, it nonetheless applied the correct standard to determine whether the

doctrine of equitable tolling might apply to Poppe's FTCA claim. *See Wong v. Beebe*, 732 F.3d 1030, 1047, 1052 (9th Cir. 2013) (en banc) (holding that "§ 2401(b) is a nonjurisdictional claim-processing rule subject to the presumption of equitable tolling" and that a plaintiff who seeks equitable tolling in an FTCA action "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012))), *aff'd sub nom. United States v. Wong*, 135 S. Ct. 162 (2015).

Applying that standard, the district court correctly held that Poppe is not entitled to equitable tolling of the FTCA's six-month time limit. Poppe has not identified any extraordinary circumstance that prevented him from timely filing his FTCA complaint, and additional discovery on the issue would reveal none. *See Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) ("But we have expressly characterized equitable tolling's two components as 'elements,' not merely factors of indeterminate or commensurable weight. And we have treated the two requirements as distinct elements in practice, too, rejecting requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other." (citations omitted)).

**AFFIRMED.**