# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1737

_____

Porfirio Rodriguez

*Plaintiff - Appellant*

v.

Wal-Mart Stores, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: February 13, 2018
Filed: June 11, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

On November 12, 2013, Wal-Mart Stores, Inc. (Walmart), terminated Porfirio Rodriguez from his position as Senior Marketing Manager in Bentonville, Arkansas. On June 30, 2014, Rodriguez filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that Walmart violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et. seq.*, by discriminating and retaliating against him due to his disability and refusing to reasonably accommodate his disability. After

receiving a right to sue letter from the EEOC, Rodriguez commenced this ADA action in October 2016. The district court[1] granted Walmart summary judgment because Rodriguez failed to file a charge of discrimination with the EEOC within 180 days of the alleged ADA violation, as the statute requires. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). Rodriguez appeals. He concedes his discrimination charge was untimely but argues the district court erred in not concluding that Walmart is equitably estopped to assert this statute of limitations defense because its pre-deadline settlement discussions lulled Rodriguez into not filing a timely charge. Reviewing the grant of summary judgment *de novo*, we affirm.[2]

The governing legal principles are well established and undisputed. As each wrongful act alleged in Rodriguez's complaint occurred on or before November 12, 2013, when he was terminated, the 180-day period in which to file a charge with the EEOC ended on May 12, 2014. See 42 U.S.C. § 2000e-5(e)(1); Henderson v. Ford Motor Co., 403 F.3d 1026, 1032 (8th Cir. 2005). Thus, his charge, filed on June 30, 2014, was untimely. However, the statutory requirement to file a timely EEOC charge is not jurisdictional; it is subject to equitable tolling and equitable estoppel. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). This appeal concerns equitable estoppel, which applies if "the employee's failure to file in timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay

[1] The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2] It seems to be widely understood that equitable estoppel is an issue for the court, not the jury. The standard of appellate review is seldom discussed, and the few circuit decisions that address the issue are inconsistent. Compare O'Donnell v. Vencor, Inc., 466 F.3d 1104, 1109 (9th Cir. 2006) (abuse of discretion), with Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) (*de novo*). Our court has apparently not addressed the question. As it has not been briefed and argued and would not affect our decision, we leave it for another day.

filing his charge." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995), quoting Kriegesmann v. Barry-Wehmiller Co., 739 F.2d 357, 358-59 (8th Cir.), cert. denied, 469 U.S. 1036 (1984). Equitable relief from a statute of limitations "is an exception to the rule, and should therefore be used only in exceptional circumstances." Id. at 1330.

Rodriguez argues that Walmart should be equitably estopped to assert that his charge was untimely because it lured him into missing the deadline through the settlement negotiations. In response to Walmart's motion to dismiss, Rodriguez submitted letters and emails reflecting the settlement negotiations at issue. The district court converted the motion to dismiss to a motion for summary judgment, and the parties stipulated that the letters and emails were the only evidence of their negotiations. Thus, there are no issues of disputed fact on appeal. The issue is whether these documents satisfy the strict requirements of equitable estoppel.

By late March 2014, counsel for Rodriguez had notified Walmart that it had violated the ADA through actions culminating in Rodriguez's termination; Walmart had disputed the allegations but expressed a willingness "to determine whether we can resolve this dispute amicably." The parties discussed the matter by phone. On May 2, counsel for Rodriguez made a settlement demand, stating he intended to file a charge with the EEOC and then sue if the matter could not be settled. Walmart did not respond. Counsel for Rodriguez sent another letter on May 30, noting that Walmart had stated in a May 23 phone call it would respond by May 30, and stating that Rodriguez would "move forward with filing [the] charge" if Walmart did not respond by June 4. On June 4, Walmart rejected Rodriguez's settlement demand and made a counteroffer. On June 30, Rodriguez filed a charge with the EEOC. On July 2, Rodriguez rejected Walmart's counteroffer, made a counteroffer, and advised that the EEOC charge had been filed. On July 16, Walmart responded that it had received the EEOC charge and would prepare to defend against Rodriguez's claims.

After summarizing these negotiations in even greater detail, the district court granted Walmart summary judgment on the equitable estoppel issue:

> None of the letters in the record create a genuine, material question of fact as to the issue of equitable estoppel. The letters manifest only a general, good faith intent by Walmart to engage in settlement negotiations. Mr. Rodriguez's counsel sent a demand letter ten days before the EEOC filing deadline and did not receive a response until after the deadline had passed. Under these facts, Walmart's silence cannot be construed as anything but silence. Walmart made no promise to settle, nor did it encourage that settlement was imminent through its silence.

We agree with the district court's analysis. Rodriguez's failure to file his EEOC claim within 180 days was not the result of any misconduct by Walmart. As Rodriguez's counsel admitted during the district court hearing, "nothing [Walmart] said per se" caused Rodriguez to miss the deadline. Rodriguez argues the pattern of "delay in responding to any settlement demand that we made" was deceptive. But failing to respond to a settlement demand made ten days before the statutory deadline, and accompanied by a statement that the employee would file a charge with the EEOC if the matter could not be settled, is not conduct that the employer "should unmistakably have understood" would cause the employee to miss the filing deadline. Dring, 58 F.3d at 1329. Thus, equitable estoppel does not apply, and summary judgment was properly granted.

The order of the district court is affirmed.

_____