**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WALLACE | No. 18-35859 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00269-RRB |
| v. | |
| ROGER HICKEL CONTRACTING, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

David Wallace appeals pro se from the district court's judgment dismissing
his action alleging disability discrimination. We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo the district court's dismissal on the basis of the
applicable statute of limitations. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2006).  We affirm.

The district court properly dismissed as time-barred Wallace's action because Wallace filed this action after the applicable statute of limitations had run and failed to show extraordinary circumstances beyond his control that justified equitable tolling.  *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (Americans with Disabilities Act, borrowing from Title VII, provides for a ninety-day period to sue after receiving a right-to-sue notice from the Equal Employment Opportunity Commission); *O'Donnell*, 466 F.3d at 1111 ("[W]here a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90-day limitations period." (citation and internal quotation marks omitted)); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (explaining that equitable tolling is warranted "when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time").

We lack jurisdiction to consider the district court's orders denying Wallace's post-judgment motions because Wallace failed to file an amended or separate notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Harris v. Mangum*, 863 F.3d 1133, 1137-38 n.1 (9th Cir. 2017).

We do not consider allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests made by Wallace in his opening brief are denied.

**AFFIRMED.**

18-35859