NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR CAMARGO JUAREZ, | No. 24-2844 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00326-ART-CLB |
| v. | MEMORANDUM[*] |
| WALMART INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Victor Camargo Juarez appeals pro se from the district court's judgment

dismissing his action under Title VII and the Americans with Disabilities Act.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Prodanova v. H.C.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021).  We affirm.

The district court properly dismissed Juarez's action because Juarez did not file this action within 90 days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and failed to allege facts sufficient to show that he exhausted administrative remedies with respect to claims that he did not raise in his EEOC charge.  *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (42 U.S.C. § 2000e-5(f)(1) requires a claimant to file a civil lawsuit within 90 days of receiving a right to sue notice from the EEOC); *see also* 42 U.S.C. § 12117 (Americans with Disabilities Act incorporates Title VII procedures); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (explaining that the filing of plaintiff's first complaint did not toll the 90-day limitations period and her second complaint asserting the same claims was therefore untimely); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099–1100 (9th Cir. 2002) (Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019).

**AFFIRMED.**

24-2844